IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANTHONY LYLE TARKINGTON
and GRANVIL K. BELL, III.,

    Plaintiffs,                             No. CIV S-06-1021 DFL DAD P

  vs.

JEANNE WOODFORD, et al.,

    Defendants.                        ORDER

/

        Plaintiffs are state prisoners proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Although the complaint has been signed by both plaintiffs, an application to proceed in forma pauperis has been submitted only by plaintiff Tarkington.

        Plaintiffs' claims arise from a June 14, 2005 altercation allegedly between warring gang members at California State Prison-Sacramento (CSP-Sacramento). Several prisoners were involved and during the riot, plaintiff Bell was stabbed by another inmate and plaintiff Tarkington was shot by correctional staff. Following a disciplinary hearing, it was determined that plaintiff Bell was a victim of an inmate attack, and plaintiff Tarkington was found guilty of participating in the riot. Plaintiffs claim that defendants failed to protect them from assault by other inmates, that defendants used excessive force when they shot plaintiff Tarkington, that

1

defendants violated plaintiff Bell's due process rights by failing to process his inmate grievances, and that the defendants conspired to cover-up a their past and present use of excessive force, their failures to protect, and their false labeling of plaintiff Tarkington as a gang leader. Plaintiffs seek $50,000 in nominal damages, $250,000 in compensatory damages, $500,000 in punitive damages, declaratory judgment, and injunctive relief.

This court has determined that each plaintiff should proceed separately on his own claim. The Federal Rules of Civil Procedure provide "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with separately." Fed. R. Civ. P. 21. Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

In the instant action, plaintiffs are individuals in the custody of the California Department of Corrections and Rehabilitation, presently confined at CSP-Sacramento. In this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se presents procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of inmates to other facilities or institutions, the changes in address that occur when inmates are released to parole, and the difficulties faced by inmates who attempt to communicate with each other and with unincarcerated individuals.

Accordingly, the court will order that plaintiffs' claims be severed. Plaintiff Anthony Tarkington will proceed in this action, while plaintiff Granvil Bell III will proceed in a new civil action to be opened by the Clerk of the Court. Each plaintiff will proceed with his own action and will be solely responsible for his own action.

The Clerk of the Court will be directed to assign the new action to the same district judge and magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate adjustment in the assignment of civil cases to compensate for this reassignment.

Each plaintiff will be given thirty days to file, in his own action, an amended complaint using the form complaint provided by the court with this order. Plaintiffs should attach to their amended complaint copies of the rule violation report issued against them, the administrative hearing decisions, as well as, copies of their inmate grievances and decisions. Lastly, plaintiff Bell will be ordered to submit the $350.00 filing fee or to file an application requesting leave to proceed in forma pauperis. See 28 U.S.C. § 1915(b).

In accordance with the above, IT IS HEREBY ORDERED that:

1. The claims of plaintiff Granvil K. Bell, III are severed from the claims of plaintiff Anthony Lyle Tarkington;

2. Plaintiff Tarkington shall proceed as the sole plaintiff in case No. CIV S- 06-1021 DFL DAD P;

3. The Clerk of the Court is directed to:

    a. Open a separate civil action for plaintiff Granvil K. Bell III;

    b. Assign the new action to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c. File and docket a copy of this order in the file opened for plaintiff Granvil K. Bell III;

    d. Place a copy of the complaint filed on May 10, 2006 in the file opened for plaintiff Granvil K. Bell III;

    e. Strike from the caption of each plaintiff's complaint, the other plaintiff's name; and

    f. Send each plaintiff an endorsed copy of his complaint bearing the amended caption and the case number assigned to his own individual action.

4. The complaint in each action is dismissed;

/////

5. The Clerk of the Court is directed to send each plaintiff the court's form complaint for a § 1983 action;

6. The Clerk of the Court is directed to send plaintiff Granvil K. Bell III an Application to Proceed In Forma Pauperis By a Prisoner; and plaintiff Bell is granted thirty days from the service of this order to file his application to proceed in forma pauperis or submit the appropriate filing fee;

7. Each plaintiff is granted thirty days from the date of service of this order to file an amended complaint as set forth above and to use the form complaint provided by the court. Each plaintiff's documents must bear the docket number assigned to his own individual case, and each complaint must be labeled "Amended Complaint." Each plaintiff must file an original and two copies of his amended complaint. Failure to file an amended complaint or an application to proceed in forma pauperis in accordance with this order will result in a recommendation that the plaintiff's action be dismissed.

DATED: January 16, 2007.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:4
tark1021.2